In the matter of the Estate of FRANK S. HARDY, deceased.

May 21, 1886.

**Probate Court — Order Appointing Administrator — Appeal. —** One against whom an administrator brings, or is entitled to bring, suit, under Gen. St. 1878, *c*. 77, § 2, for the killing of an intestate, is not entitled, under Gen. St. 1878, *c*. 49, § 14, to appeal from the order of a probate court appointing such administrator.

Appeal by the Minneapolis & St. Louis Railway Company from a judgment of the district court for Freeborn county, *Farmer*, J., presiding, dismissing its appeal from an order of the probate court appointing Emeline A. Hardy administratrix of the estate of Frank S. Hardy, deceased.

*J. D. Springer*, for appellant.

*Lovely, Morgan & Morgan*, for respondent.

BERRY, J.   The probate court of Freeborn county duly appointed the respondent administratrix of the estate of Frank Hardy, and, having duly qualified, she, as administratrix, brought an action under

the statute (Gen. St. 1878 c. 77, § 2,) against the Minneapolis & St. Louis Railway Company, to recover damages for the wrongful killing of her intestate. Thereupon the company appealed from the order appointing respondent administratrix, to the district court, by which the appeal was, in our opinion, rightfully dismissed.

Gen. St. 1878, c. 49, § 14, provides that an appeal from such an order "can only be taken by a party aggrieved." This does not include a mere debtor of the estate. It refers to one who, as heir, devisee, legatee, or creditor, has what may be called a legal interest in the assets of the estate, and their due administration. A mere debtor of a decedent's estate may have a personal preference as to who shall be appointed administrator, but in law that is a question in which he has no interest, and therefore its determination in one way or another cannot aggrieve him in any legal sense. His simple duty is to pay his debt to the administrator, whoever he may be. How the estate is administered, or by whom, is nothing to him. The case of one against whom an administrator has a right of action under the statute cited cannot stand upon any different footing. If for any reason the appointment of an administrator is invalid, so that he is not an administrator, that fact can be taken advantage of in any suit which he may assume to bring in that character.

Judgment affirmed.