BELLE M. EDGERLY v. WILLIAM T. ALEXANDER.[1]

December 21, 1900.

Nos. 12,334—(145).

#### Appointment of Guardian—Interested Party.

In proceedings in the probate court for the appointment of a guardian for a nonresident incompetent who has property in this state, the executrix, as such, of the estate embracing such property, is not a party in interest entitled to notice of such appointment.

#### Notice of Hearing—Taking Part—Appeal.

The fact that the probate court ordered such administratrix to be served with notice of such hearing is not an adjudication of the question of her interest; and if, at the hearing, such administratrix is prevented by the court from taking part therein, such party has no remedy by appeal.

From an order of the probate court for Ramsey county appointing William T. Alexander guardian of the estate of Elizabeth Edgerly, incompetent, Belle M. Edgerly appealed to the district court for said county. On the trial in the district court, the court, O. B. Lewis, J., granted respondent's motion to dismiss the appeal, and made an order to that effect. From an order of dismissal and from an order denying a motion for a new trial, appellant appealed to the supreme court. Affirmed.

*Philip Gilbert*, for appellant.

*W. S. Cilley*, for respondent.

LEWIS, J.

William T. Alexander, as a friend, petitioned the probate court of Ramsey county to appoint him as a guardian of Elizabeth Edgerly, a resident of England. The application was based upon the ground that she was of unsound mind, had no guardian in this state, and had property therein. Upon this petition the court made an order requiring service of notice to be served upon all parties interested by mail, including Belle M. Edgerly, of St. Paul, who was the executrix of William R. Edgerly, deceased, husband

[1] Reported in 84 N. W. 653.

of said Elizabeth Edgerly. After several adjournments, which were taken to enable petitioner to take testimony in England, the matter came on for hearing, and Belle M. Edgerly appeared, and attempted to take part in the proceedings. The petitioner objected upon the ground that she was not a party in interest, and was not entitled to be heard. The objection was sustained, and appeal taken to the district court. That court dismissed the appeal upon the same ground which moved the probate court, and the executrix brings the matter into this court for review. Two questions are presented for consideration, viz.: Was the executrix in fact a party in interest, and, if she was not, was she entitled to be heard by reason of the order of the court in serving her with notice of the hearing? In either case she would be entitled to appeal.

1. As executrix, appellant had no interest whatever in the property which passed to the incompetent upon the death of her husband. Such property was subject to the proper administration of the estate, and appellant is the representative of the court for that purpose only. The personality of the guardian who shall represent the person entitled to the residue is of no concern to her. The record shows that appellant was neither heir nor next of kin. Therefore she was not an aggrieved party, within the meaning of G. S. 1894, § 4667, and on that account had no right of appeal. In Matter of Estate of Hardy, 35 Minn. 193, 28 N. W. 219.

2. Did the court, by ordering service of notice of the hearing, decide that the executrix was a party in interest, or was entitled to be heard, and was that decision final? If she was not in fact a party in interest, and entitled to be heard, the order to serve her with notice could not make her so. An order of that character could not make her an heir or next of kin. And if the court, through inadvertence, or in excess of caution, did that which he was not required to do, he could undo that which he unnecessarily did do. In the absence of any showing that appellant was prejudiced by the ruling upon some other ground than that she was administratrix, she has no standing to complain of the order of the court. Therefore it follows that she was not a

party entitled to be heard, and so entitled to appeal under section 4667.

Order affirmed. ———————