(93 App. Div. 114.)

### In re RAYNER'S WILL.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1904.)

1. WILLS—PROBATE—DENIAL—APPEAL BY EXECUTOR.

Where probate of a will is denied, the executor named therein is entitled to appeal, under Code Civ. Proc. §§ 1294, 2568, authorizing appeals by any person aggrieved by the order appealed from, etc.

2. SAME—CONTEST—RIGHT TO PURSUE.

Where the sole interest of a beneficiary in a decedent's estate was under a will which testatrix had destroyed before making the will contested, the beneficiary should not be permitted to continue the contest in case it appeared that testatrix purposely destroyed the prior will, and that at the time of doing so she had testamentary capacity.

3. SAME—DENIAL OF PROBATE—SURROGATE'S ORDER—REVERSAL—QUESTION FOR JURY.

Where the attesting witnesses and the draftsman who prepared a will submitted for probate testified that all the requirements pertaining to a valid execution of the will were complied with, and that testatrix was competent at the time, and her attending physician did not seriously impugn her testamentary capacity, the correctness of the surrogate's order denying probate was sufficiently doubtful to require a trial by a jury of the questions of fact involved, as authorized by Code Civ. Proc. § 2588.

Appeal from Surrogate's Court, Erie County.

Application for the probate of the will of Helen A. Rayner, deceased. From a surrogate's decree denying probate, the executor appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Ulysses S. Thomas, for appellant.
John F. McGee, for respondent.

SPRING, J.   The appellant is the executor named in the instrument rejected. He is therefore a party aggrieved, and consequently possesses sufficient interest to enable him to appeal. Code Civ. Proc. §§ 1294, 2568; Matter of Stapleton, 71 App. Div. 1, 75 N. Y. Supp. 657.

The contestant was a beneficiary in a previous will executed by the testatrix about two weeks before the instrument propounded. It was stipulated upon the hearing before the surrogate that this will was destroyed. If purposely destroyed by the testatrix, and she was competent at the time of its destruction, the respondent has no standing in court, for his sole interest and right to attack the will in controversy depend upon the validity and existence of the antecedent will. If it

should appear upon a new trial that this interest had been obliterated, the respondent ought not to be permitted to continue this contest.

The attesting witnesses and Mr. Chapin, the draftsman who prepared the will, show that the requirements pertaining to the execution of wills were complied with, and that the testatrix at the time of its execution was competent to dispose of her property by will, and was free from any restraint. The testimony of Dr. York, her attending physician, does not seriously impugn her testamentary capacity. At least, there is sufficient doubt as to the correctness of the conclusion reached by the learned surrogate, so that we deem it proper to direct a trial by jury of the material questions of fact involved. Code Civ. Proc. § 2588.

The decree of the Surrogate's Court is therefore reversed, with costs to the appellant to abide the event, and to be paid out of the estate of the decedent, and a new trial ordered at a trial term of the Supreme Court of the county of Erie. The questions of fact to be submitted to and disposed of by the jury, and the form of the order to be settled by and before Mr. Justice SPRING on two days' notice. All concur.