WILLIAM T. ALEXANDER and Another v. BELLE M. EDGERLY.[1]

May 27, 1904.

Nos. 13,925—(86).

**Evidence.**

Findings of the trial court *held* sustained by the evidence.

**Deposition.**

A deposition taken in a proceeding to which respondent in this cause was not a party *held* inadmissible in evidence against her.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, O. B. Lewis, J. Affirmed.

*W. S. Cilley* and *A. C. Middlestadt,* for appellants.

Where a status, such as marriage, is once established, it is presumed to continue until the contrary is proven. Summerhill v. Darrow (Tex.) 57 S. W. 942; Inhabitants of North Brookfield v. Inhabitants, 16 Gray (Mass.) 174; Bradner, Ev. (2d Ed.) 426, 427, §§ 15, 16; Tuttle v. Wood, 115 Iowa, 507. To overcome the presumption of such continuance in favor of the presumption of innocence there must be something based

[1] Reported in 99 N. W. 896.

upon the acts and conduct of both parties inconsistent with the marriage relation. Ellis v. Ellis, 58 Iowa, 720; Leach v. Hall, 95 Iowa, 611, 616, 617; Gilman v. Sheets, 78 Iowa, 499. A presumption of divorce cannot be indulged in where the prior wife is making a claim to her husband's property. Ellis v. Ellis, supra; Gilman v. Sheets, supra; Barnes v. Barnes, 90 Iowa, 282; Parsons v. Grand Lodge, 108 Iowa, 6; Goodwin v. Goodwin, 113 Iowa, 319.

*Philip Gilbert,* for respondent.

If two marriages are proven and nothing else appears, the presumption is that the first marriage has been dissolved, either by death or divorce. If it is shown that both parties to the first marriage are still alive, then in support of the second marriage, a divorce will be presumed and a party claiming that the second marriage is illegal and void because the first marriage has not been dissolved, must prove that the first marriage has not been dissolved, even to the extent of proving the negative, that no divorce has been entered. Schmisseur v. Beatrie, 147 Ill. 210; Boulden v. McIntire, 119 Ind. 574; Carroll v. Carroll, 20 Tex. 731; Hull v. Rawls, 27 Miss. 471; Blanchard v. Lambert, 43 Iowa, 228; Klein v. Laudman, 29 Mo. 259; Hunter v. Hunter, 111 Cal. 261; Town of Greensborough v. Town of Underhill, 12 Vt. 604.

BROWN, J.

Appeal from a judgment of the district court of Ramsey county reversing the final decree of the probate court of that county in the matter of the estate of William R. Edgerly, deceased.

The facts, as found by the trial court, are as follows: William R. Edgerly, a resident of Ramsey county, died therein on May 7, 1888, being then the owner of certain real property situated in the city of St. Paul. He died leaving a last will and testament, which was duly allowed and admitted to probate in said county in August, 1888. By this will he gave practically all his property to his executors in trust, with directions to pay the rents, issues, and profits thereof to his wife, Belle M. Edgerly, for and during her natural life, the remainder at her death to Frederick W. Edgerly, his son. No final decree of the probate court was rendered until June 24, 1902. The court found further that the said Belle M. Edgerly qualified as executrix of the estate of de-

ceased, and was acting in that capacity at the time of the commencement of these proceedings. In 1899 the guardian of one Elizabeth Edgerly petitioned the probate court for an allowance from the estate of the deceased, representing that said Elizabeth Edgerly was the wife of deceased; that she and deceased were married in England in 1873, and that the relation of husband and wife continued between them until his death. He was married to Belle M. Edgerly, according to the findings of the court, in December, 1881, at St. Paul in this state. The assignments of error challenge this finding, and also the correctness of the ruling of the trial court excluding a deposition offered for the purpose of showing a marriage with Elizabeth Edgerly. Whether the findings are sustained, and whether the trial court erred in its ruling on the admissibility of the deposition, are the only questions presented by the record.

The deposition offered for the purpose of showing the marriage of deceased and Elizabeth Edgerly in England was taken in proceedings in the probate court for the appointment of a guardian of Elizabeth Edgerly, who it appears is in an insane asylum in England. Belle M. Edgerly was not a party to that proceeding, in no way interested in it, and was not present at the time the deposition was taken. It is true that she appeared in that proceeding after the deposition was taken, but it was held that she had no interest in the matter, and was not entitled to be heard therein. Edgerly v. Alexander, 82 Minn. 96, 84 N. W. 653. Such being the case, it is clear that the deposition was inadmissible on the trial of this proceeding, and the court properly excluded it. Not being a party to the proceeding in the matter of the appointment of a guardian for Elizabeth Edgerly, in which the deposition was taken, respondent had no opportunity to cross-examine the witness—a right of which she could not be deprived. Lougee v. Bray, 42 Minn. 323, 44 N. W. 194. The objection to the introduction of the deposition was sufficiently definite and specific.

An examination of the evidence presented in the record leads to the conclusion that the findings of the trial court are fully sustained. A discussion of the testimony is unnecessary. It would serve no useful purpose as a precedent, and we refrain.

An interesting question is suggested and discussed by counsel respecting the burden of proof in a case where two marriages are proven,

to show the dissolution of the first. It is urged on the one hand that the presumption of the law in such case is that the first marriage was dissolved either by death or judicial decree; and, on the other hand, that, the first marriage being shown, the law presumes a continuance of the relation thus created until the contrary affirmatively appears. But the question is not presented by the record.

The court below did not find that deceased was married to Elizabeth Edgerly in 1873, or at any other time. The only marriage found was the one with Belle M. Edgerly in St. Paul in 1881; and there was no request for findings respecting the alleged prior marriage. So the question as to the burden of proof in such case is not properly before us. We are required to dispose of the case on the findings as they appear in the record, and, there being no finding as to a prior marriage, and as the finding that deceased was duly married to Belle M. Edgerly in 1881 is fully supported by the evidence, effect must be given to the will of deceased. It was optional with the widow to take under the will or reject it and take under the statute. She having elected to abide by the will, the court below was right in reversing the decree of the probate court and awarding judgment and decree in harmony with its provisions.

The other assignments of error are unimportant, and do not require mention.

Judgment affirmed.