MARIA E. SHEERAN v. EMMA SHEERAN.[1]

December 22, 1905.

Nos. 14,541—(113).

**Probate Court—Appeal.**

An heir at law is a party aggrieved, and may at any time within thirty days appeal from an order admitting a will to probate, although he did not appear at the hearing and take part in the proceedings. Laws 1903, p. 35, c. 27.

[1] Reported in 105 N. W. 677.

**Same.**

> When such heir dies after the entry of the order in the probate court, and before the expiration of the time allowed to appeal, a special administrator may, within the time limited, perfect the appeal.

**Invalid Will.**

> If, on trial in the district court upon such appeal, it is established that the will purporting to have been executed was void for the reason that the testate was not of sound and disposing mind and memory, it is void for all purposes, and cannot be held invalid as to personal property and valid as to real estate.

An instrument purporting to be the last will of Mary Sheeran, deceased, having been admitted to probate by the probate court for Blue Earth county, defendant Emma Sheeran, widow and special administratrix of the estate of Frank Sheeran, a deceased son, appealed to the district court for that county. The case was tried before Lorin Cray, J., who, after submitting certain questions of fact to the jury, found in favor of appellant, and directed that the order and decree of the probate court be set aside. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Thos. H. Quinn* and *C. J. Laurisch*, for appellant.

*Jay Henry Long*, for respondent.

LEWIS, J.

March 3, 1904, Mary Sheeran executed her last will and testament, by the terms of which she devised to her son, Frank Sheeran, the sum of one dollar; to her two grandchildren, children of her deceased daughter Margaret, the sum of one dollar each; and to Maria E. Sheeran, widow of M. J. Sheeran, a deceased son, all the remaining property, real and personal, and constituted her the executrix. April 15, 1904, the testatrix died, leaving surviving her as heirs the parties above mentioned. The will was admitted to probate May 27, 1904. Six days thereafter Frank Sheeran died, having made no appearance at the hearing, and his wife, Emma Sheeran, was appointed special administratrix of his estate, and on June 25, 1905, she appealed, individually and as special administratrix of her husband's estate, from the order of the court admitting the will to probate. The matter came on for trial in the district court, and five independent questions were submitted by the court to the jury:

1. Was the instrument * * * offered in evidence * * * signed by said Mary Sheeran or by some person in her presence and by her express direction? To this the jury answered: "Yes."

2. Was such signing the conscious act of Mary Sheeran, and was said instrument so signed by her as her last will and testament? The jury answered: "No."

3. Was said instrument so signed in the presence of both C. J. Laurisch and B. Downey? Answer: "Yes."

4. Was said instrument attested and subscribed by said C. J. Laurisch and B. Downey as witnesses in the presence of Mary Sheeran? The jury answered: "Yes."

5. At the time said instrument was signed, was Mary Sheeran of sound and disposing mind and memory? To which the jury answered: "No."

These several findings are consistent with each other—the jury having found that the instrument was correctly executed, being signed in the presence of the witnesses, but that it was not her last will and testament because it was not her conscious act; that she was not of sound and disposing mind and memory. At the trial an effort was made by the contestants to show, not only that Mary Sheeran was not competent to execute the will, but also that it was not properly executed; the same having been signed while one of the witnesses was in an adjoining room. The evidence upon both of these propositions was conflicting, and the jury found in favor of the contestants upon one of the propositions and against them upon the other. That Mary Sheeran was in feeble health, her mind impaired, and that she did not know what she was doing, was asserted by the attending physician, the nurse, and others intimately acquainted with her and who had opportunities to see and judge of her condition. The findings of the jury are supported by the evidence and cannot be disturbed.

2. The point is made that Emma Sheeran had no authority under the statute to take an appeal from the order of the court allowing the will to probate in her capacity as special administratrix, not being a party aggrieved, for she was not such at the time the will was admitted to probate, and, further, that as administratrix she represented the general

creditors of the estate only, possessing such rights as the creditors had, and it did not appear that they had any. This question is disposed of by a fair construction of chapter 27, p. 35, Laws 1903, which is an amendment to section 4667, G. S. 1894. Prior to the amendment the statute provided that an appeal could only be taken by a party aggrieved, who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, had not due notice or opportunity to be heard. The amendment is:

> In all other cases the appeal can only be taken by a party aggrieved who appeared and moved for or opposed the order or judgment appealed from, or who being entitled to be heard thereon did not appear and take part in said proceedings.

Had the husband lived, he would have had the right to appeal, within thirty days from the entry of the order, regardless of whether he appeared at the hearing or not. Under section 4484 a special administrator is authorized to preserve the property of the deceased, and it was within the line of appellant's duty as special administratrix to take an appeal from the order for the purpose of preserving the estate. We do not find it necessary to determine whether or not Emma Sheeran, in her own right as widow of Frank Sheeran, could have taken an appeal; she having become a party aggrieved after the entry of the order. As special administratrix she was the proper party to take such action, and if upon such appeal it was determined that the will was void then it was void for all purposes, and appellant cannot complain if the widow, as a result thereof, succeeds to her husband's interest in the real estate.

Judgment affirmed.