# CHARLES BURMEISTER v. MINNIE GUST and Others.[1]

April 19, 1912.

Nos. 17,441—(38).

**Will — appeal "by any party aggrieved."**
Under R. L. §§ 3872, 3873, providing that an appeal may be taken from an order of the probate court admitting a will to probate, or denying the same, "by any party aggrieved," an executor, propounding a will by which he is nominated, may appeal from an order denying probate thereof.

**Competency as witness to conversation.**
An executor, propounding a will by which he is nominated, is not, as such, incompetent, under R. L. § 4663, to testify as to conversations with the testator concerning the will.

**Refusal of request to charge.**
Requested instruction as to admissibility of declarations of testator upon an issue of undue influence *held* properly refused, as being ambiguous and misleading.

**Error in charge.**
Instruction that certain facts and circumstances raised a presumption of undue influence in the execution of a will *held* erroneous.

Upon appeal to the district court for Cottonwood county from an order of the probate court of the county refusing to admit to probate a certain will of Fritz Bretzman, the matter was heard by L. S. Nelson, J., who submitted to a jury the question: Was the deceased induced or procured to sign the will by fraud, oppression or by the use of any undue influence? which they answered in the affirmative. The court made findings and affirmed the order and judgment of the probate court refusing to admit the will to probate. From an order denying the motion of Charles Burmeister, proponent, for a new trial, he appealed. Reversed.

*Wilson Borst* and *Ole J. Finstad,* for appellant.

*D. A. Stuart* and *J. G. Redding,* for respondents.

1 Reported in 135 N. W. 980.

PHILIP E. BROWN, J.

Fritz Bretzman, late of Cottonwood county, having no wife or children, died on January 3, 1911, aged seventy-four years, leaving what purported to be his last will and testament, which instrument was dated December 28, 1910, and therein, after making direction for the payment of debts and funeral expenses, bequeathed all of his property, which consisted entirely of personalty, to his two nieces, Emma Krueger and Emelia Burmeister, one-half to each of them, and appointed Charles Burmeister, the husband of the said Emelia Burmeister, this appellant, executor.

December 15, 1910, the said Bretzman had made another will, containing the same direction as to payment of debts and funeral expenses as the instrument above recited, but bequeathing to Emma Krueger $1,500, to Emelia Burmeister $500, to Minnie Gust $500, to Fred and William Bretzman and Augusta Graeling one dollar each, and providing that the rest of his estate should be equally divided between Emma Krueger, Minnie Gust and Emelia Burmeister, and nominating Emma Krueger and the said Charles Burmeister executors of the will. On January 7, 1911, the said Charles Burmeister presented the said alleged will of date December 28, 1910, to the probate court of the said county, and filed a petition therein in due form, praying that the said will be admitted to probate and that he be appointed executor thereof.

Thereafter, and prior to the hearing on the said petition, the said Fred and William Bretzman, Augusta Graeling, and Minnie Gust duly filed objections to the probate of said will, assigning as grounds therefor, among others, that the said will was obtained through fraud and undue influence. The said court, after a hearing, made its order disallowing the said will and refusing to admit the same to probate, whereupon the said executor therein named appealed from such order to the district court of the said county. On the trial of the said appeal the contestants waived all grounds of contest, except that the making of the purported will was obtained through fraud and undue influence, and upon the issue thus made a jury found for the contestants, and the court filed findings and affirmed

the order refusing to admit the said will to probate. The proponent thereupon moved for a new trial, and from an order denying the same appealed to this court.

1. At the outset we are met with a motion to dismiss this appeal, on the ground that the executor had no right to appeal, either to the district court or to this court. The statute (R. L. 1905, § 3872) provides that an appeal may be taken from an order refusing to admit a will to probate "by any party aggrieved," and to the same effect is section 3873. But whether an executor, nominated by a will and offering the same for probate, is "aggrieved" by a denial of probate, seems never to have been passed upon in this state. Edgerly v. Alexander, 82 Minn. 96, 84 N. W. 653, In re Hardy, 35 Minn. 193, 28 N. W. 219, and Anderson v. County of Meeker, 46 Minn. 237, 48 N. W. 1022, cited by the contestants, do not pass on this point. It behooves us, therefore, first to look to the status of an executor with reference to the will nominating him, before we take up the question of his right to appeal. The statute (R. L. 1905, § 3675) expressly authorizes him to offer the will for probate, and to this extent, at least, makes him the "champion of the will." The language of the statute is that "any executor, devisee, or legatee named in a will, or any other person interested," may offer the same for probate. When, therefore, an executor offers a will for probate, he necessarily has some status with reference to the matter before the court, and the question is: What is that status?

In Wills v. Spraggins, 3 Grat. (Va.) 555, it was held that the rejection of a paper propounded as a will by the nominated executor was conclusive upon an infant legatee, who was not a party to the proceedings; such conclusion being based upon the representative character of the executor. Baldwin, J., in delivering the opinion of the court, says, at page 569, speaking of the executor: "He is the representative of the will, and of all interests created by it, and, moreover, the legal owner of the testator's personal estate. It is therefore his right and his duty to obtain for the instrument the sanction prescribed by law." Again, at page 575, he says: "He is

the champion of the common cause, and charged to keep the lists against all antagonists."

Similarly, in Rong v. Haller, 106 Minn. 454, 119 N. W. 405, it was held that, under the circumstances shown by the record in that case, a notice of appeal from the probate court, given to the executor, was sufficient: Jaggard, J., saying (at page 457), that the executor was the "sole champion of the will." See also Shirley v. Healds, 34 N. H. 407; Ward v. Brown, 53 W. Va. 227, 44 S. E. 488.

It would seem, therefore, that, even in the absence of precedent squarely in point, we would have to hold that the executor, as the champion of the will, has the right to appeal from an order denying probate of the same. The statute, as we have seen, gives the right of appeal to anyone "aggrieved." R. L. 1905, §§ 3872, 3873. That portion of the latter section expressly providing that the representative of a decedent may appeal from an order relative to the allowance or disallowance of claims against the estate is intended to provide for an appeal where the representative fails to appeal, rather than to limit his right to appeal as one "aggrieved."

But we are not without precedents from other states to aid us. In Shirley v. Healds, supra, it was held that the executor named in the will was entitled to appeal from an order denying probate thereof. "He," the executor, said the court, at page 412, [34 N. H.] "is not only the sole trustee for all persons having an interest under the will, but he is the only legal representative of the estate of the deceased. As such, it is his duty to cause the will to be proved, and he is aggrieved in his rights and in his property by any decree which divests him of his title in the estate of the deceased under the will."

In the case of Matter of Stapelton, 71 App. Div. 1, 75 N. Y. Supp. 657, it was held that the executor named in the instrument propounded as a will was "aggrieved" by the denial of probate and this case was squarely followed in the cases of In re Rayner's Will, 93 App. Div. 114, 87 N. Y. Supp. 23, and In re Eckler's Estate, 126 App. Div. 199, 110 N. Y. Supp. 650. In Ward v. Brown, supra, it is held that an executor may propound the will and appeal from an order denying probate thereof. In this case the court re-

views the cases cited against such right, and shows their inapplicability, and adverts to the failure of the respondents to cite a single case denying such right.

In Green v. Blackwell, 32 N. J. Eq. 768, holding that an executor, representing the interests of persons not otherwise represented, may appeal from a decree injuriously affecting their interests, the court says, at page 772: "Whoever stands in a cause as the legal representative of interests which may be injuriously affected by the decree made * * * is aggrieved, and therefore may appeal." In Smith v. Sherman, 4 Cush (Mass.) 408, it was held that an administrator appointed in another state upon the estate of a person there deceased might appeal from an order of the probate court in Massachusetts appointing an administrator there. At page 411 the court says: "A party is held aggrieved, whose rights and interests are necessarily affected by the decree. * * * And this is equally true, whether the rights to be affected are those which the party has in a personal or representative capacity." See also Whisler v. Whisler, 162 Ind. 136, 143, 67 N. E. 984, 70 N. E. 152.

In the light of these authorities, against which we have found none to the contrary, we hold that Charles Burmeister had the right to appeal from the order of the probate court denying probate of the said will of Fritz Bretzman, and likewise had the right to appeal to this court from the order of the district court made upon the appeal from the probate court. It may be noted, in this connection, that the very absence of later authorities upon the question under consideration would seem to indicate that the executor's right to appeal in a case like this is very generally accepted without question. At least such seems to be the case in this state. See Tobin v. Haack, 79 Minn. 101, 81 N. W. 758. See also Sheeran v. Sheeran, 96 Minn. 484, 105 N. W. 677, where it was held that the administratrix of an heir at law might, as such administratrix, appeal from an order admitting the ancestor's will to probate. At page 487, the court says: "It was within the line of appellant's duty as special administratrix to take an appeal from the order for the purpose of preserving the estate."

It seems, furthermore, that if the same can be done by any fair construction of the statute, such consequences as followed in the case of Wills v. Spraggins, supra, should be avoided, at least to the extent of allowing the executor the right of appeal, and thus to secure an adjudication from all the courts to which the matter in due course may be taken, before the interests of those whom he represents are forever foreclosed.

We have examined the points made by the respondents concerning the alleged insufficiency of the notice of appeal and of the assignments of error, and we find neither well taken. The motion to dismiss this appeal is denied.

2. Coming, now, to the merits of the appeal, we think it is not necessary to make any extended review of the evidence in the case. The substance of the contestants' claims on the trial in the district court was that at the time of the making of the said will of date December 28, 1910, the testator was very ill, that he was under the control of the appellant, that he was induced by the appellant to revoke the former will of date December 15, 1910, and that the appellant had the will in controversy prepared by an attorney in the absence of the testator, and advised the said attorney how such will should be written, and that such attorney prepared the will as appellant directed; that appellant took certain persons to the testator to act as witnesses to the will, and refused to permit the relatives of the deceased to enter the house while the said will was being executed; and that after the execution of the will the appellant failed to make known to such relatives the fact of its execution, prior to the death of the testator, though he had frequent opportunities so to do.

To establish the said claims the said Charles Burmeister was called for cross-examination, under the statute, by the contestants, and his testimony thus invoked tended to establish the contestants' claims. But when the proponent's counsel sought to prove by such witness certain conversations between him and the deceased concerning what he wished to do with his property and the making of the will, numerous questions being asked such witness by said counsel to this end, the contestants objected, on the ground that the witness,

being a party to the action, was not competent to testify to conversations with the deceased concerning the matter in controversy, and that the witness was incompetent under R. L. 1905, § 4663. The court sustained these objections, and its ruling is here assigned as error.

We think this assignment is well taken. In Gerachty v. Kilroy, 103 Minn. 286, 114 N. W. 838, the court, following its prior decisions to the same effect, disposed of a similar objection as follows, its opinion being delivered by Chief Justice Start:

"Nor was the attesting witness, who was named as executor in the will, rendered incompetent to testify to what took place when the will was executed, including what the testator said touching its execution, by R. L. § 4663, which provides that: 'It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party.' The proceeding to establish the will was one in rem, and the executor was not a party to the action, within the meaning of the statute; for the disability of the statute does not extend to all parties to the record, but only to such as are parties to the specific issue to which the testimony relates. Nor was the executor disqualified as a person having an interest in the event of such action; for the disqualifying interest must be some pecuniary, legal, certain, and immediate interest in the event of the cause itself. Whether the witness would ever be appointed executor, or, if appointed, whether he would ever receive any pecuniary benefit therefrom, was neither certain nor immediate."

We think this disposes of the contestants' contention that the said Charles Burmeister was incompetent to testify to the said conversations with the deceased, including their contention that such executor's liability for costs which might be imposed upon him made him an interested party. We hold, therefore, that the court erred in refusing to allow the said Burmeister to answer the said questions put to him by proponent's counsel in this regard. That the exclusion of this evidence was prejudical is apparent, in view of the char-

acter of the testimony already elicited from the witness by the contestants.

3. The appellant assigns as error the refusal of the court to give the following instruction: "You are instructed that, in order that the contestants may prevail in this case, there are two facts that must be proven by them: First, that undue influence was in fact exerted; second, that it was successful in subverting and controlling the will of the testator.  Both of these facts must be proven by the contestants by the weight of the evidence in order to defeat the will. Upon the latter question, evidence of the statements of the testator, made either before the will was made or after, and which tend to throw light on his condition of mind, are admissible; but, as to the first question, the evidence of such statements is hearsay and incompetent, and should not be considered by you.  Such declarations have been admitted only for the purpose of proving the condition of the mind of the testator.  They afford no substantive proof of undue influence, and cannot be admitted for such purpose, and before the contestant can recover it is necessary that she should prove that undue influence was in fact actually exerted upon the testator, by other evidence than his own declaration."

It is undoubtedly true that the declarations of the testator are not evidence of undue influence, and cannot be used to establish that fact.  In re Hess' Will, 48 Minn. 504, 51 N. W. 614, 31 Am. St. 665; Zibble v. Zibble, 131 Mich. 655, 92 N. W. 348.  The instruction requested, however, is in form misleading and ambiguous, and, we think, too involved to enlighten the jury.  The court, therefore, did not err in refusing to give it in the form offered.

4. The court gave, among others, the following instruction: "I instruct you that frequent calling upon the testator by the large beneficiaries, or their husbands, or either of them, at or about the time of the making of the will, coupled with the activity on the part of either of them in and about the execution of the will, such as the initiation of the proceedings for the preparation of the will, or participation in such preparation, employing draughtsman, selecting the witnesses, excluding other persons from the testator at or about

the time of the execution of the will, concealing the making of the will after it was made, and the like, will raise a presumption of undue influence." To the giving of this instruction the appellant duly excepted, and assigns the same as error. The giving of this instruction was prejudicial error. Aside from any other faults it may have, it advised the jury that undue influence would be "presumed" from facts and circumstances which, at most, constituted mere evidence to be considered on such issue.

In the case of In re Hess' Will, supra, the court, at page 511, [48 Minn.] says: "It is not enough that there be motive and opportunity, * * * but the influence must be exercised and take effect, so as to destroy the free agency of the testator." The instruction above quoted, not only allowed, but practically directed, the jury to find the existence of undue influence from evidence which, alone, fell short of the proof necessary to establish such fact. Under the evidence in this case, the instruction practically amounted to a direction to find the issue in favor of the contestants.

The appellant has various assignments of error which have not been referred to herein. These assignments were neither urged in his points and authorities nor upon the oral argument, and hence are waived. Dunnell, Minn. Digest, § 366.

Order reversed.