## BELL v. DAVIS *et al.*

No. 5570. Opinion Filed August 18, 1914.

(142 Pac. 1011.)

1. WILLS—Judgment—Conclusiveness—Probate of Will. Upon appeal to the district court from an order or judgment of the county court admitting a will to probate, the only necessary parties are the executor, or administrator with the will annexed, who was the petitioner or proponent of the will, and the contestants, who opposed its admission; and, they being parties, the judgment of the district court admitting or refusing to admit a will to pro-

bate has the same effect as if all persons interested in the establishment of the will were made formal parties to the proceedings; and, while such judgment remains in force, subject only to reversal by this court, and the statutory remedy of contesting the will after probate, it is conclusive upon the world.

2.   SAME—Probate Proceedings—Appeal—Parties.   Upon appeal to this court from a judgment of the district court refusing to admit a will to probate, such executor, or administrator with the will annexed, is the only necessary party plaintiff in error.

(Syllabus by the Court.)

### Error from District Court, Tulsa County; L. M. Poe, Judge.

M. F. Smith petitioned for the probate of the will of Tuckabache, and Ethel Davis and others filed objections.   From an order admitting the will to probate, contestants appealed to the district court, and the executor dying, Albert H. Bell, as administrator of the will annexed of Tuckabache, was substituted as proponent.  Judgment for contestants, and Bell brings error.   On motion to dismiss.   Overruled.

*Davidson & Williams,* for plaintiff in error.

*Biddison & Campbell* and *W. J. Gregg,* for defendants in error.

BLEAKMORE, J.   This case presents error from the district court of Tulsa county, and now comes on to be heard before this court upon motion of defendants in error to dismiss the appeal for the reasons:   (1) That the plaintiff in error has no appealable interest and is not a proper party to this proceeding on appeal; and (2) that all of the parties whose interests would be affected by a reversal of the judgment of the trial court are not made parties in this court.

The facts, as disclosed by the record, are:   That one Tuckabache executed a certain instrument purporting to be his last will and testament, by the terms of which he devised and bequeathed to his grand children, Tob Coney and Jennie Hickory, certain lands, and to one Martha Sevier lands and personal property, and to his great-grandchildren, Lucinda Hickory, Lavina Hickory, Sallie Hickory, and —— Hickory, certain other lands, and named

one M. F. Smith as executor. After the death of Tuckabache, the said M. F. Smith petitioned the county court of Tulsa county for the probate of said instrument as the last will and testament of said Tuckabache. · The defendants in error, Ethel Davis (who had purchased the interest of Jennie Hickory in the estate of Tuckabache), Tom Coney, and Jennie Hickory filed their objections to the probate of said will. The cause was heard in the county court, and an order made admitting the instrument to probate as the last will and testament of said Tuckabache, and appointing said M. F. Smith executor. The contestants, defendants in error here, appealed to the district court of Tulsa county. Pending the hearing of said appeal, the executor, M. F. Smith, died, and the plaintiff in error, Albert H. Bell, was appointed by the county court administrator with. the will annexed, and by order of the district court the cause was revived in the name of Albert H. Bell, as administrator; the order directing that all further proceedings therein be in the name of such administrator. Upon trial in the district court it was adjudged that the will was not entitled to probate, and from this judgment the administrator, Albert H. Bell, alone appeals.

By Rev. Laws 1910, it is provided:

"Sec. 6200. Any executor, devisee or legatee named in a will, or any other person interested in the estate may, at any time after the death of testator, petition the court having jurisdiction to have the will proved. * * · *"

"Sec. 6210. If any one appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county interested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer allowed by law in civil. actions. If the demurrer be sustained, the court must allow the contestant a reasonable time, not exceeding ten days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving: First. The competency of the decedent to make a last will and testament. Second. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence. Third. The due execution

and attestation of the will by the decedent or subscribing wit-. ness. Or, fourth. Any other questions substantially affecting the validity of the will must be tried and determined by the court. On the trial the contestant is plaintiff, and the petitioner is defendant."

"Sec. 6241. Administrators with the will. annexed have the same authority over the estates which executors named in the will would have, and their acts are effectual for all purposes. Their letters must be signed by the judge of the county court, and bear the seal thereof."

"Sec. 6301. The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. * * *"

"Sec. 6501. An appeal may be taken to the district court from a judgment, decree or order of the county court: First. Granting, or refusing, or revoking letters testamentary. * * * Second. Admitting, or refusing to admit, a will to probate.

"Sec. 6502. Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."

"Sec. 6505. The appeal must be made: First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal. And, second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

The statute also provides (section 6219) for a contest after a will has been admitted to probate, and establishes the procedure in regard to notice, designating specifically that citation issue to the executor, or administrator with the will annexed, and to the legatees and devisees mentioned in the will, and the heirs residing in the state, or their personal representatives, if any of them are dead.

Primarily, this is a proceeding for the probate of a will in which the executor is the petitioner, or proponent of the will, and in which the defendants in error, as contestants, appear in opposition to its probate.

In a proceeding as in the instant case, in the county court, a copy of the written grounds of opposition must be served upon the petitioner and other residents of the county interested in the estate, and "on the trial the contestant is plaintiff, and the petitioner is defendant."

An appeal to the district court is taken by filing a written notice thereof with the judge of the county court and by executing the bond required. No notice or summons to the petitioner in the county court is required, "but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

The executor was defendant in the county court, made so by specific provision of the statute, and had he lived it would have been his duty, acting in his representative capacity, to appear and champion the will upon appeal in the district court. It cannot be doubted that the administrator with the will annexed takes the place of the executor named in the will for all purposes, and that his powers, obligations, and duties are the same as those of such executor. He became the proponent of the will, and stands in the place of the original petitioner under the terms of the statute.

Our statute, section 6502, *supra,* was taken from Dakota. The Supreme Court of South Dakota, in *Halde v. Schultz,* 17 S. D. 465, 97 N. W. 369, a case in which an executor alone appealed from the judgment of a county court refusing to admit a will to probate, used the following language:

"The first question, as we have seen, is: Did the court err in denying the motion to dismiss the appeal from the county court to the circuit court upon the ground that the respondent, Schultz, was not authorized, as executor, to take an appeal? Section 345 of the Probate Code provides: 'An appeal may be taken to the circuit court from a judgment or order of the county

court * * * (2) admitting or refusing to admit a will to probate. * * *' And section 346 provides: 'Any party aggrieved may appeal as aforesaid except where the decree or order of which he complains was made upon his default.' The respondent, being named as executor in the will, necessarily was aggrieved by the judgment of the county court adjudging the will invalid. He had a direct interest in having the will sustained, and the same probated."

In *Re Bretzman's Will,* 117 Minn. 247, 135 N. W. 980, in passing upon the right of an executor to appeal, the Supreme Court of Minnesota, in a well-reasoned and exhaustive opinion, says:

"At the outset we are met with a motion to dismiss this appeal, on the ground that the executor had no right to appeal, either to the district court or to this court. The statute (Rev. Laws 1905, sec. 3872) provides that an appeal may be taken from an order refusing to admit a will to probate 'by any party aggrieved,' and to the same effect is section 3873. But whether an executor, nominated by a will and offering the same for probate, is 'aggrieved' by a denial of probate, seems never to have been passed upon in this state. *Edgerly v. Alexander,* 82 Minn. 96, 84 N. W. 653. *In re Hardy,* 35 Minn. 193, 28 N. W. 219, and *Anderson v. Board,* 46 Minn. 237, 48 N. W. 1022, cited by contestants, do not pass on this point. It behooves us, therefore, first to look to the status of an executor with reference to the will nominating him, before we take up the question of this right to appeal. The statute (Rev. Laws 1905, sec. 3675) expressly authorizes him to offer the will for probate, and to this extent, at least, makes him the 'champion of the will.' The language of the statute is that 'any executor, devisee, or legatee named in a will, or any other person interested,' may offer the same for probate. When therefore an executor offers a will for probate, he necessarily has some status with reference to the matter before the court, and the question is: What is that status? In *Wills v. Spraggins,* 44 Va. [3 Grat.] 555, it was held that the rejection of a paper propounded as a will by the nominated executor was conclusive upon an infant legatee, who was not a party to the proceedings; such conclusion being based upon the representative character of the executor. Baldwin, J., in delivering the opinion of the court, says, at page 569, speaking of the executor: 'He is the representative of the will, and of all the interests created by it, and, moreover, the legal owner of the testator's personal estate. It is therefore his right and his

duty to obtain for the instrument the sanction prescribed by law.' Again, at page 575, he says: 'He is the champion of the common cause, and charged to keep the lists against all antagonists.' Similarly, in *Rong v. Haller,* 106 Minn. 454, 119 N. W. 405, it was held that, under the circumstances shown by the record in that case, a notice of appeal from the probate court, given to the executor, was sufficient; Jaggard, J., saying (106 Minn. 457, 119 . N. W. 405) that the executor was the 'sole champion of the will.' See, also, *Shirley v. Healds,* 34 N. H. 407; *Ward v. Brown,* 53 W. Va. 227, 44 S. E. 488. It would seem therefore that, even in the absence of precedent squarely in point, we would have to hold that the executor, as the champion of the will, has the right to appeal from an order denying probate of the same. The statute, as we have seen, gives the right of appeal to any one 'aggrieved.' Rev. Laws 1905, secs. 3872, 3873. That portion of the latter section expressly providing that the representative of a decedent may appeal from an order relative to the allowance or disallowance of claims against the estate is intended to provide for an appeal, * * * rather than to limit his right to appeal as one 'aggrieved.'

"But we are not without precedents from other states to aid us. In *Shirley v. Healds, supra,* it was held that the executor named in the will was entitled to appeal from an order denying probate thereof. 'He,' the executor, said the court, at 34 N. H. 412, 'is not only the sole trustee for all persons having an interest under the will, but he is the only legal representative of the estate of the deceased. As such, it is his duty to cause the will to be proved, and he is aggrieved in his rights and in his property by any decree which divests him of his title in the estate of the deceased under the will.' In the case of *Matter of Stapleton,* 71 App. Div. 1, 75 N. Y. Supp. 657, it was held that the executor named in the instrument propounded as a will was 'aggrieved' by the denial of probate, and this case was squarely followed in the cases of *In re Rayner's Will,* 93 App. Div. 114, 87 N. Y. Supp. 23, and *Eckler's Estate,* 126 App. Div. 199, 110 N. Y. Supp. 650. In *Ward v. Brown, supra,* it is held that an executor may propound the will and appeal from an order denying probate thereof. In this case the court reviews the cases cited against such right, and shows their inapplicability, and adverts to the failure of the respondents to cite a single case denying such right. In *Green v. Blackwell,* 32 N. J. Eq. 768, holding that an executor, representing the interests of persons not otherwise represented, may appeal from a decree injuriously affecting their interests, the court says, at page 772: .'Whoever

stands in a cause as the legal representative of the interests which may be injuriously affected by the decree made, *** is aggrieved, and therefore may appeal.' In *Smith v. Sherman,* 4 Cush. (Mass.) 408, it was held that an administrator appointed in another state upon the estate of a person there deceased might appeal from an order of the probate court of Massachusetts appointing an administrator there. At page 411 the court says: 'A party is held aggrieved, whose rights are necessarily affected by the decree. * * * And this is equally true, whether the rights to be affected are those which the party has in a personal or representative capacity.' See, also, *Whisler v. Whisler,* 162 Ind. 136, 143, 67 N. E. 984, 70 N. E. 152.

"In the light of these authorities, against which we have found none to the contrary, we hold that Charles Burmeister had the right to appeal from the order of the probate court denying probate of the said will of Fritz Bretzman, and likewise had the right to appeal to this court from the order of the district court made upon the appeal from the probate court. It may be noted, in this connection, that the very absence of later authorities upon the question under consideration would seem to indicate that the executor's right to appeal in a case like this is very generally accepted without question. At least such seems to be the case in this state. See *Tobin v. Haack,* 79 Minn. 101, 81 N. W. 758. See, also, *Sheeran v. Sheeran,* 96 Minn. 484, 105 N. W. 677, where it was held that the administratrix of an heir at law might, as such administratrix, appeal from an order admitting the ancestor's will to probate. At 96 Minn. 487, 105 N. W. 678, the court says: 'It was within the line of appellant's duty as special administratrix to take an appeal from the order for the purpose of preserving the estate.' . It seems, furthermore, that if the same can be done by any fair construction of the statute such consequences as followed in the case of *Wills v. Spraggins, supra,* should be avoided, at least to the extent of allowing the executor the right of appeal, and thus to secure an adjudication from all the courts to which the matter in due course may be taken, before the interests of those whom he represents are forever foreclosed."

We are clearly of the opinion that the administrator with the will annexed, standing in the place of the executor, is the representative of the will and all rights created by it, and that he is directly interested in sustaining and having it probated, and is therefore a proper and necessary party to this proceeding in error.

The admission or rejection of a will to probate is a judicial determination of the character and validity of the instrument presented as a will, and is, in effect, a judgment *in rem. Ward et al. v. Commissioners of Logan Co.,* 12 Okla. 267, 70 Pac. 378; 40 Cyc. 1224.

Until a will is admitted to probate it is not effectual as an instrument of title.

The question of property rights of devisees, legatees, heirs, and others which might arise out of a construction of the terms of a will and which could only be decided between such persons when made parties to the record in a proper proceeding for such purpose is not to be determined in a proceeding for the probate of a will, where only the abstract question of a will or no will valid under the law is at issue.

Our statute having provided that the executor, or any one interested, may petition the county court to have a will proved, and that any person having an opposite interest may contest its admission to probate, and that any party aggrieved, or any one affected by the judgment or decree who was not a party to the proceeding, whether present at the hearing or not, may appeal to the district court, where upon questions of both law and fact the matter is heard *de novo* as if the proceeding had originated in that court, it would seem that the only necessary parties to the proceeding in the district court are the proponent of the will in the county court and the party or parties who appealed from the order or judgment of that court; and that the judgment of the district court admitting or refusing to admit the will to probate must have the same effect as if all the persons interested in the establishment of the will were made formal parties in that court; and that such judgment, while it remains in force, subject only to reversal in this court, and to the statutory remedy of contesting the will after probate, is conclusive upon the whole world.

It follows, therefore, that the motion to dismiss the appeal must be overruled and it is so ordered.

KANE, C. J., and RIDDLE, J., concur; TURNER and LOOFBOURROW, JJ., absent and not participating.