## ANNIE TIMM v. J. G. BRAUCH.[1]

May 5, 1916.

Nos. 19,780—(63).

**Appeal from probate court — notice given by judge.**

1. The notice required by section 7233, G. S. 1913, to be given by the judge of a probate court, to the parties appearing in his court at a trial, when such court renders an appealable order, judgment or decree, is not a notice that limits the time of appeal therefrom.

**Same — when right of appeal expires.**

2. The notice mentioned in section 7492, G. S. 1913, is the one limiting the time to appeal, and it is *held* that this section should be so construed that the party aggrieved by the order, judgment or decree of the probate court has six months from the date of the filing of such order, judgment or decree within which to appeal, unless the adverse party has served him with a written notice of the decision of the probate court, in which case the right of appeal expires 30 days after the service of such notice.

Rudolph Malchow petitioned the probate court for Jackson county to admit to probate the last will and testament of Friedrich Malchow, deceased. Annie Timm, an heir at law and daughter of decedent, filed objections to the validity of the will. From the order of the probate court admitting the will to probate, Annie Timm appealed to the district court for that county. From an order of the district court, Quinn, J., dismissing the appeal to the district court, Annie Timm appealed. Reversed.

*Knox & Faber,* for appellant.

*S. B. Wilson,* for respondent.

Holt, J.

The appeal is from an order dismissing the appeal taken from the order of the probate court admitting a will to probate. The ground of

[1]Reported in 157 N. W. 709.

dismissal was that such appeal was not taken within 30 days after notice, to appellant, of the order of the probate court.

It is the contention of respondent that since appellant and her attorney were present in the probate court and participated in the trial, at the conclusion of which the court announced the decision which he subsequently, on the same day, reduced to writing and filed, there was actual notice of the same and the time for taking an appeal at once began to run.

The position of appellant is that section 7233, G. S. 1913, has no bearing upon limiting the time of appeals, and that being so, the showing made by respondent upon the motion to dismiss, unaided by said section, fails to show actual notice of the decision prior to receiving a written notice from the probate judge, given at the suggestion of appellant on April 13, 1915, according to which notice the appeal was in time.

Section 7233 is found among the sections headed "Probate Practice," and not among those regulating "Appeals" from probate court which begin with section 7490. It reads: "Every probate judge at the time of filing any appealable order, judgment or decree, shall cause notice of such filing to be given, either personally or by mail, to all parties interested who have appeared of record on the hearing, or to their attorneys: Provided, that this section shall not apply in uncontested cases or where final decision was made at the time of hearing." That this notice from the probate judge was not intended to limit the right of appeal is apparent from the fact that it does not purport to reach those who do not appear at the hearing or trial and who, nevertheless, under section 7491, G. S. 1913, have the right of appeal. Sheeran v. Sheeran, 96 Minn. 484, 105 N. W. 677. If the duty cast upon the probate judge by said section 7233 had been designed to set running the 30 days, within which the party aggrieved could appeal, we should have expected a provision in the statute for making a record as to how and when the notice was given. The fact that the judge is under no duty to give notice if he makes a "final decision" at the time of hearing, also tends to show that this statute was not intended to fix a definite time from which to begin to reckon the time of appeal, for, although a court may orally give and announce his decision at the time of hearing, the appeal can be taken only from a written order, judgment and decree which may not be filed

for several days after a judge announces his decision from the bench. We hold that the whole purpose of section 7233 was to give all the parties who took part in the hearing speedy notice of the decision, so that those prevailing might, by giving the defeated parties notice, limit their right to appeal to 30 days, instead of six months which they otherwise have.

Section 7492, G. S. 1913, governs the time within which appeals may be taken from the decisions of the probate court. It provides: "No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment or decree appealed from: * * * But no appeal from an order, judgment or decree shall be taken after six months from the entry thereof." In Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852, it was said: "The statutes contemplate, in order to set the time for appeal in motion, that notice of some kind, other than constructive, shall come to or be given all interested parties, and this is made manifest by the clause, a part of the statute referred to, wherein it is provided, in effect, that in no case can an appeal from an order, judgment or decree be taken after six months from the entry thereof. The statute, construed as a whole, permits an appeal within thirty days from the date of notice, but limits the right in all cases to six months from the entry of the order or decree appealed from. So that the time within which an appeal may be taken may be shortened by service of notice, or perhaps by notice in fact * * * ."

It is highly desirable that there be certainty respecting the time within which the right of appeal may be exercised. The opinion from which we have quoted does not determine whether formal notice from the party invoking the 30-day limit is necessary to set the time running, nor that notice in fact is sufficient—it is merely mooted and was not necessary to a decision of that case. To avoid uncertainty and misunderstanding concerning the important matter covered by this statute, we think a proper construction thereof requires us to hold that the notice spoken of in section 7492 is a notice given by some party interested in the litigation to the other litigants, fixing as to them the date from which the 30 days are to be reckoned. It is a notice in a legal proceeding which may be given by a party thereto to others interested whereby the latters'

rights are abridged or limited. Such notice so to be given has been held to call for a written notice. Pearson v. Lovejoy, 53 Barb. 407. And we think this rule should be applied to the notice limiting the right to appeal from an order, judgment or decree of the probate court. By the service of a notice in accordance with the usual mode of giving notices in legal proceedings, certainty both as to the fact and time of service is attained and controversies and delays avoided. The one who invokes the 30-day limit against an appellant will then not only have personal knowledge as to notice in fact, but be able to produce the clear and convincing proof thereof that he ought to exhibit when he asks the court to dismiss an appeal taken within six months from the filing of the order, decree or judgment.

Our conclusion is that the learned trial court erred in dismissing the appeal.

Order reversed.