Craig **PROBST** and Mary Ann Probst, individually and on behalf of Michael Probst, a minor child, Respondents,

v.

David Roy **HOLLAND**, Petitioner,

Larry R. Holland, Defendant.

No. C3-89-893.

Court of Appeals of Minnesota.

June 20, 1989.

Kevin Carpenter, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for respondents.

Jon R. Hawks, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., LANSING, and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondents Probst sought damages arising from an accident involving petitioner David Holland. Holland argued that brake failure was a superseding cause of the accident. The jury found that Holland was negligent but not the direct cause of the accident. The trial court found "it was a fundamental error of law to instruct the jury on superseding causes," and granted a new trial. Holland simultaneously filed this petition for discretionary review and a direct appeal (Cl–89–892).

### DECISION

#### I.

Petitioner's counsel indicates discretionary review is sought because "the Rules suggest that the appeal may not be taken until after the opposing party serves notice of the filing of the order, and that has not been done." Because an appeal as of right was properly taken, we rule that discretionary review is unnecessary.

An order granting a new trial is appealable as a matter of right, where the order is based exclusively upon errors of law. Minn.R.Civ.App.P. 103.03(d). Such appeals must be taken "within 30 days after service by the adverse party of written notice of filing." Minn.R.Civ.App.P. 104.01.

■ The 30–day limit of Rule. 104.01 must be invoked by a party in writing, and it is not triggered by the clerk's notice of filing or by actual knowledge of the order. *O'Brien v. Wendt,* 295 N.W.2d 367, 369–70 (Minn.1980); *see also Timm v. Brauch,* 133 Minn. 20, 23, 157 N.W. 709, 710 (1916) (party who argues appeal is untimely must provide clear and convincing proof of fact and date of service of notice).

■ An appeal governed by Rule 104.01 may be taken *no later than* 30 days after notice of filing is served. (Thirty-three days are allowed if notice is served by mail. Minn.R.Civ.App.P. 125.03.) Receipt of notice of filing served by the adverse party is not a *prerequisite* to appeal. *See O'Brien,* 295 N.W.2d at 370 (appeal timely where no notice of filing ever served).

#### II.

Proof of service is required for all papers filed with the Clerk of the Appellate Courts. Minn.R.Civ.App.P. 125.04. The affidavits of service submitted by counsel in this case prompt an additional comment.

■ The affidavits properly identify the date and method of service and the person served, and they are signed and notarized. However, they contain no description of the documents served, and refer only to service of "the attached." There is no allegation that service was untimely or was not accomplished, but in light of the potential for separation of affidavits from submissions, the better practice is for each affidavit of service to describe the documents served.

PETITION FOR DISCRETIONARY REVIEW DENIED.