Argued December 8, modified December 28, 1926.

## IN RE WILL OF ALFRED HOUGH.

### (251 Pac. 711.)

**Wills—All Valid Provisions of Will Should be Executed.**

1. Where will is declared last will and testament of decedent, all of its valid provisions should be executed.

**Wills—As General Rule, Executor may Appeal from Decree Refusing to Admit Will to Probate or Disallowing or Setting It Aside (Or. L., §§ 549, 1143).**

2. As general rule, one named as executor in will, who is party to decree of probate court either refusing to admit will to probate or disallowing or setting it aside, may prosecute appeal therefrom, in view of Sections 549, 1143, Or. L.

**Wills—Executrix may Appeal from Decree Preventing Proper Execution of Will in Interest of All Concerned.**

3. Where decree prevented executrix from properly executing will, it was appropriate for her to appeal in interest of all concerned.

**Wills—Will, Signed Four Days Before Death by Testator Possessing Testamentary Capacity, Held Valid.**

4. Will, signed by testator four days before death, while he possessed capacity, *held* valid.

**Wills—Valid Will Should be Administered According to Terms, Though There was No Appeal from Decree Setting It Aside, Except by Executrix.**

5. Valid will should be administered according to terms, notwithstanding that there was no appeal from decree setting it aside except by executrix, since will cannot be valid as to one party and void as to others.

**Wills—Costs and Disbursements of Successful Appeal of Executrix will be Satisfied from Assets of Estate.**

6. Where appeal of executrix in will contest was successful, her costs and disbursements will be satisfied from assets of estate.

Executors and Administrators, 23 C. J., p. 1171, n. 24.
Wills, 40 Cyc., p. 1351, n. 1, 3, p. 1360, n. 83 New, p. 1363, n. 10.

1. See 28 R. C. L. 358.
3. Power of executor or administrator with will annexed to appeal from judgment refusing probate, see note in Ann. Cas. 1917C, 1079. See, also, 28 R. C. L. 409.
6. See 28 R. C. L. 407.

From Douglas: J. W. HAMILTON, Judge.

Department 2.

Notice of appeal to this court was regularly served on the contestant Edward Hough and Robert T. Hough, the beneficiary, by the executrix Leona E. Abraham.

The County Court found that at the time Alfred Hough, deceased, signed the will in question he was not competent to make a will and that the instrument probated was not the last will and testament of Alfred Hough, deceased.

The Circuit Court found that at the time of the execution of the will Alfred Hough possessed testamentary capacity.

The decree of the Circuit Court reversed the decree of the County Court in so far as it deemed the appealing executrix interested and left the bequest to the beneficiary unavailing to him, for the reason that he did not appeal. The Circuit Court found *inter alia* as follows:

"Third: That the said Alfred Hough died at Roseburg, Oregon on the 12th day of September, 1922, the owner of property in said Douglas County, Oregon, of the probable value of Nineteen hundred Dollars.

"Fourth: That by the pleadings in this cause, it is admitted that the said Alfred Hough on the 8th day of September, 1922, signed what purported to be his last will and testament.

"Fifth: That by the terms of said will of said Alfred Hough, Leona E. Abraham, this appellant was appointed executrix of said last will and testament.

"Sixth: That the said Alfred Hough was at said time possessed of testamentary capacity.

"Seventh: That the said county court of Douglas County, Oregon, on the 25th day of October, 1923, made its decree annulling and setting aside said last

will and testament of Alfred Hough, deceased, and none of the parties to said proceeding have appealed therefrom excepting the said Leona E. Abraham such executrix.''

As a conclusion of law the Circuit Court found:

''That the said decree of the said County Court of Douglas county, Oregon, should be * * so modified as to reinstate the said Leona E. Abraham as executrix of said estate of Alfred Hough, deceased. In all other respects the decree of the said county court is hereby affirmed.''

And decreed that Leona E. Abraham, as executrix of said last will and testament of Alfred Hough, deceased, complete the administration of said estate.

The appellant assigns in effect that the decree of the Circuit Court attempting to affirm a portion of the decree of the County Court is not in conformity with or supported by the findings of fact made by the Circuit Court. The contestant did not appeal from the decree of the Circuit Court and concedes that he is not entitled to any decree of this court more favorable to him than the decree of the Circuit Court.

MODIFIED.

For appellant there was a brief over the name of *Mr. W. W. Sinclair*, with an oral argument by *Mr. Albert Abraham*.

For respondent there was a brief over the name of *Mr. C. T. Haas*, with an oral argument by *Mr. R. B. Compton*.

BEAN, J.—1. The appeal involves the question of the force of the findings of facts made by the Circuit Court to the purport that the testator Alfred Hough was competent to make the will and the decree nam-

ing the instrument as the "last will and testament of Alfred Hough, deceased," or, in short, did the executrix have the right to defend the will by taking the appeals.

The will being declared the last will and testament of Alfred Hough, deceased, all of its valid provisions should be executed.

2. Section 1143, Or. L., provides that when a will has been admitted to probate, any person interested may, within one year, contest the validity of such will. Section 549, Or. L., provides that "any party to a judgment or decree * * may appeal therefrom."

In *Re Young's Estate,* 59 Or. 348, 361 (116 Pac. 95, 116 Pac. 1060, Ann. Cas. 1913B, 1310), this court, speaking through Mr. Justice McBride, as recorded at page 361, said:

"If the proposed will is void, it is entirely void. It cannot be valid as to Caroline Phillips and void as to the other contestants. The probate court cannot permit administration on it as to her and refuse to permit administration as to the other contestants. Its only course is to refuse to have anything to do with it. Any one of the contestants might have appealed this suit and a victory for him would have resulted in a reversal of the decree of the court below, declaring the will a valid instrument, and when that decree is obtained the judgment for costs will fall with it."

In the case of *In Re Crumbaker,* 217 Ill. App. 411, it was held, as the syllabus reads, as follows:

"When a purported will has been set aside by the decree of a court having jurisdiction to enter it, the executor named therein may prosecute an appeal to the higher courts to test its validity, at the risk, however, of being himself held liable if the decree invalidating the will stands."

As a general rule a person named as executor in a will, and who is a party to the decree of the probate court, either refusing in the first instance to admit a will to probate, or a decree disallowing or setting aside a will which has previously been admitted to probate is such an interested or aggrieved party that he may prosecute an appeal from such a decree: *Bell* v. *Davis,* 43 Okl. 221 (142 Pac. 1011, Ann. Cas. 1917C, 1075, and note at page 1079, citing numerous authorities). See, also, Woerner, Law of Administration & Wills (3 ed.), § 544, pp. 1853–1855; 2 Ency. Pl. & Pr. 171, notes. In some states it is the imperative duty of an executor to defend the will: 23 C. J. 1171, § 388; 3 Schouler on Wills (6 ed.), § 2231. In *Cheever* v. *Circuit Judge,* 45 Mich. 6, the syllabus reads thus:

"Executors under a will which gives them exclusive powers and trusts and provides for unborn heirs, may appeal from its disallowance though all the beneficiaries named in it, and all who would have been interested if the decedent had died intestate, should settle the estate among themselves and oppose the appeal."

See, also, *Graver* v. *Tilton,* 63 N. H. 192; *Shirley* v. *Healds,* 34 N. H. 407.

3. It is the duty of an executor to appeal if in good faith he is satisfied that the will has been improperly rejected. The duty is imposed upon an executor or executrix to execute the will of the testator. The executrix is the sole trustee for all persons having an interest therein and the only legal representative of the estate of the deceased. If, as in the present case, the executrix could not properly execute the will and carry out the trust in accordance with the decree of the trial court, it was appropriate for her to appeal in the interest of all concerned.

In the case at bar the executrix claims to have a special interest in the administration of the will by reason of having already paid to Robert T. Hough as legatee, by order of the County Court, the sum of $250. After receiving this amount Robert T. Hough seems to have failed to take further interest in the proceedings.

4, 5. The result of the appeal being favorable to the validity of the will should inure to the benefit of Robert T. Hough, named in the will as the sole beneficiary, whether he appealed or not. Based upon the facts found by the Circuit Court the will in question is declared to be valid, and the last will and testament of Alfred Hough, deceased, and should be administered according to its terms.

6. We approve the ruling of the trial court in regard to costs and disbursements to the extent that appellant's costs and disbursements herein be satisfied from the assets of the estate. The respondent will not recover any costs.

The decree of the trial court will be modified in accordance with this opinion and the cause will be remanded for further appropriate proceedings.

MODIFIED.

McBride, C. J., and Brown and Belt, JJ., concur.