This is an appeal from a judgment of the district court of Lincoln county reversing an order of the county court refusing to admit a will to probate.
William Sporn, a resident of Lincoln county, died September 4, 1940. On September 12, 1940, Helen Herndon, M.C. Sloan, and A.F. Minshall filed in the county court a petition for the probate of an alleged will of the deceased wherein they were named executors and trustees.
The purported will contained a provision as follows:
"I hereby nominate and appoint Helen Herndon, M.C. Sloan and A.F. Minshall as the executors of this my last will and testament to serve without bond, with full power and authority to do each and every act and thing necessary or proper to the full and complete administration of this my last will and testament."
Adolph Sporn, brother, Emma Malone and Ida Keeler, sisters of deceased, filed a contest alleging, as grounds, mental incapacity of deceased; that the will was not signed, executed, published, attested or witnessed as required by law; *Page 150 
duress, menace, undue influence, and fraud; that the purported will is void for uncertainty and incapable of being enforced.
While the contest was pending in the county court, Carl L. Wright was appointed special administrator upon the application of contestants. Upon hearing before the county court, probate of the will was denied upon all the grounds set forth in the contest.
Helen Herndon, M.C. Sloan, and A.F. Minshall, as trustee and executor, and Helen Herndon, individually and as beneficiary under the will, and Wayne Lee Maxwell, by M.A. Cox as next friend, as beneficiary under said will, appealed to the district court on all questions of law and of fact.
Upon trial de novo the judgment of the county court was reversed and the cause remanded, with directions to admit the will to probate. From this decree, contestants, together with other heirs at law of said deceased, who had been made parties to the protest, appeal.
Two specifications of alleged error are presented.
The first is that the district court erred in overruling a motion to dismiss the appeal from the county court. The motion to dismiss was based upon the ground that Helen Herndon, M.C. Sloan, and A.F. Minshall, as trustees, were not aggrieved persons and had no right of appeal; that affidavit of interest was not filed by Wayne Lee Maxwell nor by Helen Herndon as required by sections 1399 and 1400, O. S. 1931, 58 Okla. Stat. Ann. §§ 723 and 724.
If the parties named in the will as executors had the right to appeal, it is unnecessary to consider the questions of failure to file affidavit of interest by the other parties.
Section 1397, O. S. 1931, 58 Okla. Stat. Ann. § 721, provides for an appeal to the district court from a judgment, decree, or order of the county court admitting or refusing to admit a will to probate.
Section 1398, O. S. 1931, 58 Okla. Stat. Ann. § 722, provides:
"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."
It is not contended that the order of the county court was rendered or made upon default of the proponents as executors named in the will.
Under statutes to the effect that appellate proceedings may be taken by an interested or aggrieved person or party, review of an order refusing to admit a will to probate may be had by an executor under the will, a special administrator with the will annexed, or a trustee under the will. 68 C. J. 1159. This is the general rule.
Cases in support of the text are cited from 13 states, one of which is Halde v. Schultz, 17 S.D. 465, 97 N.W. 369. In that case it is held:
"Under Rev. Prob. Code, sec. 346, granting the right to appeal to any person aggrieved by the action of the county court in admitting or refusing probate of a will, an executor is entitled to appeal."
Examination of that case will disclose a record exactly like the one here involved except that it does not appear that a special administrator had been appointed.
In Re Hough's Will, 120 Or. 223, 251 P. 711, it is held:
"As a general rule, one named as executor in will, who is party to decree of probate court either refusing to admit will to probate or disallowing or setting it aside, may prosecute appeal therefrom, in view of Ore. L. secs. 549, 1143."
And:
"Where decree prevented executrix from properly executing will, it was appropriate for her to appeal in interest of all concerned."
In the opinion it is said:
"It is the duty of an executor to appeal if in good faith he is satisfied that the will has been improperly rejected." *Page 151 
Bell v. Davis, 43 Okla. 221, 142 P. 1011, quotes with approval from Re Bretzman's Will, 117 Minn. 247, 135 N.W. 980, wherein a long list of authorities is cited as holding that an executor named in a will has the right to appeal from an order refusing to admit the will to probate. In Bell v. Davis, supra, the county court entered an order admitting the will there in question to probate on the petition of the executor named in the will. Contestants appealed to the district court. While the appeal was pending in the district court the executor named in the will died. Thereupon, an administrator with the will annexed was appointed by the county court, and the cause pending in the district court was revived in the name of such administrator. From an adverse ruling in the district court, the administrator with the will annexed appealed to this court. His right to appeal was upheld. In the opinion, it is said:
"We are clearly of the opinion that the administrator with the will annexed, standing in the place of the executor, is the representative of the will and all rights created by it, and that he is directly interested in sustaining and having it probated, and is therefore a proper and necessary party to this proceeding in error."
In re Bretzman's Will, supra, after citing numerous authorities, says:
"In the light of these authorities, against which we have found none to the contrary, . . . . It may be noted, in this connection, that the very absence of later authorities upon the question under consideration would seem to indicate that the executor's right to appeal in a case like this is very generally accepted."
In this connection our attention is called to O'Connell v. Dockery et al. (Mo. App.) 102 S.W.2d 748, a comparatively late case holding to the contrary. Other authorities are cited, but they do not appear to be directly in point.
The greater weight of authority, and, as we view it, the better reasoning, gives the executor named in the will the right of an appeal from an order denying probate of the will.
It is next contended that the evidence established undue influence, mental incapacity, duress, and menace. The will is a very unusual one, in that deceased, a white man, left surviving him a brother and sister and descendants of two deceased brothers, but left a substantial portion of an estate, of the value of approximately $50,000, to Helen Herndon, a negro woman, who had been employed by him as servant and housekeeper, and gave, devised, and bequeathed all the residue of said estate to the three trustees named therein (one of them being the said Helen Herndon) in trust for the benefit of said Helen Herndon and Wayne Lee Maxwell, a negro boy then about ten years of age, a son of a sister of said Helen Herndon.
Deceased had been twice married, but no children were born to either marriage. The first wife had died and the second marriage was dissolved by divorce.
But, unusual and strange as the will may be, there is no evidence whatever of mental incapacity or duress. On the other hand, the evidence clearly shows mental capacity. True, deceased was 80 years of age at the time he executed the will, and he had been subject to some heart ailment for some time prior, but all the evidence is that he was mentally alert and active.
As to duress or menace, there is not the slightest evidence.
Likewise, there is no direct evidence of any kind or character to show undue influence. There is no evidence whatever that Helen Herndon, or the father, mother, or any of the family or relatives of the negro boy, knew anything whatever of the intention of deceased to execute the will prior to the time it was executed. None of them were present at the time and it is not shown that any of them knew of the intention of deceased to execute a will of any kind.
The most that can be said of the evidence as to undue influence is the facts *Page 152 
and circumstances connected with the case from which there may be suspicion of undue influence. But mere suspicion or circumstances giving rise to suspicion of undue influence alone are not sufficient to defeat the probate of a will. Power, motive, and opportunity to exercise undue influence do not alone authorize the inference that such influence has in fact been exercised. Peace v. Peace, 149 Okla. 123, 299 P. 451.
It is next contended that that part of the will in favor of Wayne Lee Maxwell was obtained by fraud and is void. It is asserted that:
"The fact that the negro child — and there is no evidence whether he is black or mulatto — was foisted upon this old man, as a patent fraud."
But there is not the slightest evidence that any person ever accused the old man of being the father of the negro boy. Then, how can it be said that he was foisted upon Wm. Sporn as being his child?
The next contention is that the trust provisions are void and invalidate the entire will. This question is not before the court in a proceeding to probate a will. In re Lincoln's Estate, 185 Okla. 464, 94 P.2d 227.
In Brock v. Keifer, 59 Okla. 5, 157 P. 88, it is held:
"In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will be legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate."
In Armstrong et al. v. Letty et al., 85 Okla. 205,209 P. 168, it is said:
"In a proceeding to probate a will under Rev. Laws 1910, secs. 6210, 6211, the only issue triable is the factum of the will, or the question of devisavit vel non."
And:
"The judgment of the county court probating a will is conclusive only as to the matters within its jurisdiction on such hearing. A county court has no jurisdiction upon such hearing to construe the validity of any devise thereunder or to determine the effect of the will as a conveyance of real estate."
Finally it is contended that the court erred in excluding evidence offered by contestants concerning a conversation between Wm. Sporn and one of his nephews concerning a note for $50,000 which Sporn had signed along with M.C. Sloan, one of the executors named in the will.
The evidence offered would throw no light whatever upon the issues involved. There was no error in the ruling.
Judgment affirmed.
WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. CORN, V. C. J., and DAVISON and ARNOLD, JJ., absent.