Argued March 8, affirmed June 26, 1968

WAKEHOUSE, *Respondent, v.* WETZEL,
*Appellant.*

443 P. 2d 227

*Irvin D. Smith,* Portland, argued the cause and
filed a brief for appellant.

*Russell M. Allen,* Portland, argued the cause for
respondent. With him on the brief were White, Suther-
land & Gilbertson, Portland.

Before McAllister, Presiding Justice, and Sloan and Deneke, Justices.

PER CURIAM.

Plaintiff filed suit to foreclose a lien for repairs upon a motor vehicle and for a personal decree against the defendant Wetzel for the cost of the repairs. The trial court foreclosed the lien and entered a personal decree against the defendant Wetzel. The only assignment of error is defendant's contention that the trial court erred in entering a personal decree against Wetzel.

The lien foreclosure statute, ORS 88.010, provides:

"* * * [I]n addition to the decree of foreclosure and sale, if a promissory note or other personal obligation for the payment of the debt has been given by the lien debtor or any other person as principal or otherwise, the court also shall decree a recovery of the amount of the debt against such person or persons, as the case may be, as in the case of any ordinary decree for the recovery of money. * * *."

The sole issue is whether the defendant Wetzel personally promised the plaintiff that he would pay for the repairs. The plaintiff alleged in his complaint that Wetzel did agree to pay for the repairs and plaintiff so testified. The defendant testified that he did not authorize the repairs or promise anyone that he would pay for the repairs. Some of the evidence tends to support the plaintiff's version, other evidence supports the defendant's. The issue is solely one of credibility and in such circumstances we give great weight to the trial court's findings. *Martin v. Good*, 234 Or 291, 296, 381 P2d 713 (1963). The trial court

made no specific findings; however, it must necessarily have found for the plaintiff upon this issue in order to have granted a personal decree. We find that the defendant personally promised to pay for the repairs.

■ Plaintiff seeks additional attorney's fees for legal services performed on appeal. ORS 87.120 provides for an allowance of attorney's fees for trial but is silent as to an allowance of attorney's fees for services upon appeal. We held in *Adair v. McAtee,* 236 Or 391, 396, 385 P2d 621, 388 P2d 748 (1964): "* * * [A]ttorney's fees will not be allowed upon appeal in the absence of a statute so providing * * *."

Affirmed.