Submitted on petition for review June 20,
petition for review allowed, affirmed September 11, 1979

RICHARDS, *Petitioner,*

*v.*

WATROUS et al, *Respondents.*

(76-10-187, CA 11522, SC 26311)

599 P2d 460

Edward H. Warren, of Acker, Underwood, Beers, Smith & Warren, Portland, for the petition.

Gary M. Bullock, Portland, attorney for the respondents.

MEMORANDUM OPINION.

## MEMORANDUM OPINION.

This is an action for the collection of wages. Plaintiff prevailed in the trial court and was awarded attorney fees. The defendant appealed to the Court of Appeals which affirmed the judgment for plaintiff. Plaintiff petitioned the Court of Appeals for an award of attorney fees for legal services in the Court of Appeals. The Court of Appeals denied the petition without opinion. Plaintiff petitioned this court for review. We grant the petition and affirm the Court of Appeals.

Plaintiff contends he is entitled to attorney fees because of ORS 652.200(2), which provides:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action, unless it appears that the employe has wilfully violated his contract of employment."

The statute quoted says nothing about attorney fees on appeal. In *Adair v. McAtee,* 236 Or 391, 396, 385 P2d 621, 388 P2d 748 (1964), a case involving the question whether a contract provided for attorney fees on appeal, we held:

"Were it not for the foregoing considerations we would hold that a general contractual provision for attorney's fees would include allowance for services rendered upon appeal. But in view of the circumstances recited above, we are of the opinion that the confusion should be resolved by the prospective action of the legislature, and that until it is so resolved attorney's fees will not be allowed upon appeal in the absence of a statute so providing or in the absence of an express agreement that the prevailing party is entitled to attorney's fees on appeal."

[347]

ORS 652.330(b) provides that in an action for wages brought by the Labor Commissioner, "[h]e is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees." In *State ex rel Nilsen v. Adams,* 248 Or 269, 277, 431 P2d 270, 433 P2d 831 (1967), an action for the collection of wages brought by the Commissioner of Labor, we held:

> "Plaintiff has filed a motion in this court requesting attorney's fees on appeal. Plaintiff is unable to point to any statute which provides for attorney's fees *upon appeal* in a case of this kind. This court has adopted a rule that attorney's fees will not be allowed upon appeal in the absence of a statute so providing. *Adair v. McAtee,* 236 Or 391, 396, 385 P2d 621, 388 P2d 748 (1964)."

Because the applicable statute in this case does not expressly provide for attorney fees on appeal, we must affirm the Court of Appeals.

The Office of Legislative Counsel has collected all the statutes providing for the payment of attorney fees and there are a substantial number that do not expressly provide for fees on appeal. If the legislature so desires, this deficiency can be easily corrected.

Affirmed.