Argued and submitted August 28,
remanded for further proceedings November 16, 1981

In the Matter of the Estate of
Lena L. Unger, Deceased.

HURD et al,

*Respondents,*

*v.*

MOSBY,

*Appellant.*

(129 465, CA A20401)

636 P2d 436

Don V. Wallace, Portland, argued the cause and filed the briefs for appellant.

James R. Cartwright, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Appellant is the personal representative and sole beneficiary under a 1976 will of Lena L. Unger, deceased. He successfully defended that will in the circuit court against a claim by respondents that the decedent lacked testamentary capacity. On *de novo* review in this court, we reversed, concluding that the testatrix lacked testamentary capacity at the time the will was executed. *Hurd v. Mosby*, 47 Or App 951, 615 P2d 1115 (1980).

On remand, appellant petitioned the probate court for payment from the estate of attorney fees and costs he incurred in the contest at the trial level. Respondents objected and the trial court, without stating any reason, concluded that appellant was not entitled to have those fees and costs paid out of the assets of the estate. From the judgment denying appellant's request for attorney fees, he appeals.

ORS 116.183(2) provides:

"(2) A personal representative who defends or prosecutes any proceeding in good faith and with just cause, whether successful or not, is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorney fees, in the proceeding."

By the terms of the statute, the personal representative's defense of the will must have been "in good faith and with just cause" in order for him to be entitled to payment of fees and expenses from the estate.[1] The trial court's findings and conclusions did not deal with that requirement. Respondents contend that, in any event, a personal representative who is the sole beneficiary under the will is not entitled to recover from the estate attorney fees incurred in an unsuccessful defense of the will.

If the trial court here based its conclusion that the personal representative was not entitled to attorney fees because he acted in bad faith or without just cause in defending the will, then the denial of attorney fees was

---

[1] Clearly, a "good faith" defense of a will is a prerequisite to a reimbursement of costs and attorney fees from the estate. *Hunter v. Craft*, 287 Or 465, 600 P2d 415 (1979); *In re Feehely's Estate*, 182 Or 246, 187 P2d 156 (1947); *In re Carlson's Estate*, 156 Or 597, 68 P2d 119 (1937).

proper. If, however, the court denied appellant's request on the ground that he was the sole beneficiary under the will, that was error. A personal representative, whether a beneficiary or not, has a fiduciary duty to defend what he honestly believes to be the valid last will of the decedent. As the court stated in *Hunter v. Craft,* 287 Or 465, 469, 600 P2d 415 (1979), quoting *In re Shepherd's Estate,* 152 Or 15, 42-43, 41 P2d 444, 49 P2d 448 (1935):

> " 'Under the procedure which has been adopted and followed in this state the duty is imposed upon the executor after the will has been probated in common form to defend it against attack when he has reasonable ground to believe the will valid; and in such instances it has been the common practice of the court to allow to the executor, whether successful or unsuccessful, if he acts in good faith, the reasonable expense incurred in such defense, including attorneys' fees. * * * *The fact that he was a beneficiary under the will did not lessen his duty or his right as executor to have such expense paid out of the estate.'* "
> (Emphasis supplied.)

■ Respondents rely primarily on *In re Lobb's Will,* 177 Or 162, 160 P2d 295 (1945), for the proposition that a personal representative who is the sole beneficiary under a will he is seeking to sustain is subserving his personal interests alone. 177 Or at 191. That statement must be taken in context. There the personal representative, for his sole benefit, was found to have procured the will by undue influence over the testator. Those facts, the court held, implied a lack of good faith on the part of the personal representative in defending the will. The language relied on was makeweight and, if lifted out of context, is not an accurate statement. A personal representative has a duty to seek to sustain a will which he, in good faith, believes to be the testator's last will, even if he is the sole beneficiary. The obligation is to see that the testator's wishes are upheld, and the fact that the personal representative is the only living person to benefit from upholding it is immaterial.

■ We, therefore, hold that a personal representative, whether the sole beneficiary or not, who defends a will in good faith is entitled to recover expenses and attorney fees from the estate. The fact that we held the 1976 will invalid because the testatrix lacked testamentary capacity, unlike

the procurement of the will by a personal representative through undue influence, does not imply bad faith. *In re Lobb's Will, supra.* However, neither does it preclude a finding of bad faith.

■ Because the trial court failed to state the reason, either in its findings, conclusions or judgment, for determining that appellant was "not entitled" to attorney fees, we remand the case for further proceedings to determine whether the will was defended in good faith and, if so, to award costs and reasonable attorney fees.

Remanded for further proceedings.