Submitted on records and brief September 3, 1981, affirmed September 1, 1982

In the Matter of the Marriage of

CASE,
*Appellant,*
*and*
CASE,
*Respondent.*

(No. 27292, CA A20902)

650 P2d 157

Lawrence W. Erwin, P.C., Bend, filed the brief for appellant.

No appearance by respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is a dissolution of marriage proceeding in which wife appeals from a decree providing that there were no children born of the marriage and, therefore, no provision for child support of wife's minor son could be made.

The parties have been married three times. Wife's child was conceived and born during the interval between their first divorce and second marriage. When the parties filed for their second divorce, in California, they both filed sworn declarations that there were no children born of the parties' marriage. In its interlocutory decree, the California court, consistent with those declarations, made no provision as to custody, visitation or support of the child. In this third divorce proceeding, wife seeks an award of child support, claiming that husband is the child's father.

At trial, husband introduced in evidence wife's declaration to the California court that the parties had no children, a copy of the child's birth certificate, which did not identify anyone as the father, and the California decree. The trial court held that, because the issue of paternity could have been tried in the California proceeding but was not because of the parties' stipulation denying husband's paternity, wife was estopped to claim that husband was her child's father.

On appeal, wife contends that that was error, because *res judicata* was not pleaded, the California decree was an interlocutory rather than a final decree and, in any event, the decree does not contain a finding as to paternity.

■ Our review of the record reveals that the decree was admitted in evidence without objection on the basis of either the pleadings or its validity as a final judgment. Nor was it argued that the question of paternity could not have been decided in the California proceeding. It is well established that contentions not raised and preserved in the trial court will not be considered on appeal. *Wood Ind'l Corp. v. Rose,* 271 Or 103, 106, 530 P2d 1245 (1975). We therefore decline to address wife's arguments on this question.

■ Wife also contends that the trial court erred in denying her motion for a new trial. *Ruiz and Ruiz,* 29 Or

App 273, 275-77, 563 P2d 168 (1977). An order denying a motion for a new trial is not appealable. *Steel Products Co. v. FMD Corp.,* 282 Or 513, 519, 579 P2d 855 (1978); *Smith v. U. S. National Bank,* 47 Or App 967, 971, 615 P2d 1119 (1980), *rev den* 290 Or 302 (1981).[1]

Affirmed.

---

[1] We do not mean by this opinion to suggest that the minor child may not initiate paternity proceedings through a guardian ad litem under ORS 109.125(1)(f).